UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH W. LAVERTY, JR., # 639609

        Plaintiff,

v.

        Case Number 17-10864
        Honorable Thomas L. Ludington

MICHIGAN PAROLE BOARD, et al.,

        Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT**

On March 17, 2017 Plaintiff Kenneth W. Laverty, Jr., a state prisoner proceeding *pro se*, filed a civil rights complaint challenging an administrative decision not to release him on parole. *See* Compl., ECF No. 1. Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The defendants are the Michigan Parole Board and two members of the Parole Board: Sandra A. Wilson and Melissa K. Jennings. Plaintiff seeks money damages and injunctive relief for alleged violations of state and federal law. Because Plaintiff is not entitled to the relief he seeks, his complaint will be dismissed.

**I.**

According to Plaintiff's complaint, on March 15, 2013, Plaintiff was sentenced to prison for sixteen to sixty months. In 2014, a member of the Michigan Parole Board interviewed Plaintiff and declined to release Plaintiff on parole because the Board lacked reasonable assurance that Plaintiff would not become a menace to society or to the public safety. In 2015, a different member of the Parole Board interviewed Plaintiff and deferred making a decision until after Plaintiff completed a substance abuse treatment program and a sex offender program.

Plaintiff alleges that, although he subsequently completed those programs, he was denied parole on July 12, 2015 because the Parole Board lacked reasonable assurance that he would not become a menace to society or to the public safety.

In 2017, Plaintiff received a notice of the Parole Board's intent to interview him, but on January 27, 2017, the Parole Board decided not to interview Plaintiff and, instead, continued Plaintiff's incarceration for another twelve months. Once again, the Parole Board stated that it lacked reasonable assurance that Plaintiff would not become a menace to society or to the public safety.

Plaintiff filed the instant civil rights complaint on March 17, 2017. He alleges that because the Parole Board declined to interview him, the Board was unable to consider such factors as his institutional program performance, his employment or readiness for employment, his physical and mental condition, his mental health or psychiatric history, his parole plans on release from custody, and his readiness to accept responsibility for his actions. Plaintiff alleges claims against Defendants in their official capacities for money damages and for an order compelling the Parole Board to interview him.

**II.**

The Court has granted Plaintiff permission to proceed without prepaying the fees and costs for this action. *See* ECF No. 3. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Finally, because Plaintiff seeks to enforce his constitutional rights under the Fourteenth Amendment to the United States Constitution, the Court construes the complaint as one brought under 42 U.S.C. § 1983. To prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

**A.**

As noted above, Plaintiff seeks money damages from the defendants. His damages claim against the Michigan Parole Board is frivolous because "[t]he Parole Board is an entity within the [Michigan Department of Corrections], *see* Mich. Comp. Laws § 791.231a, and the [Michigan Department of Corrections] is, in turn, an administrative agency within the executive

branch of Michigan's government." *See* Mich. Const. 1963, art. 5, § 2; *In re Parole of Bivings*, 242 Mich. App. 363; 619 N.W.2d 163, 167–68 (Mich. Ct. App. 2000)." *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001). As a state entity, "the Parole Board is immune from suit under the Eleventh Amendment." *Id.*; *see also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (stating that the plaintiff's claims against the Parole Board and other state entities were barred by the Eleventh Amendment).

The Parole Board also is not a "person" under § 1983. As such, it cannot be sued for money damages under § 1983. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Like the Michigan Parole Board, Defendants Wilson and Jennings are immune from a suit for money damages. As parole board members they "'are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers.'" *Draine v. Leavy*, 504 F. App'x 494, 496 (6th Cir. 2012) (quoting *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)). And because Plaintiff sues Wilson and Jennings in their official capacities, his lawsuit is no different from a suit against the State itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's request for money damages from Wilson and Jennings is barred by the immunity afforded to states under the Eleventh Amendment. In addition, "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*

**B.**

Plaintiff seeks injunctive relief in the form of an order compelling the Michigan Parole Board to interview him. He contends that the Parole Board's failure to interview him and its failure to provide substantial and compelling reasons for denying him release on parole

constitutes discrimination and a violation of his rights under the Universal Declaration of Human Rights and the Fourteenth Amendment to the United States Constitution.

Plaintiff has no right to relief under the Universal Declaration of Human Rights, because "[t]he rights secured by the [Declaration] are not federal rights." *Moore v. McLaughlin*, 569 F. App'x 656, 660 (11th Cir. 2014). Additionally, the Declaration provides no private right of action. *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009).

To the extent Plaintiff is attempting to raise an equal protection claim under the Fourteenth Amendment, his claim fails because he has not shown that the defendants treated similarly situated individuals differently from him and that the defendants had a discriminatory intent or purpose. *See Kubik v. Brown*, 979 F. Supp. 539, 551 (W.D. Mich. 1997) (stating that "[t]he purpose of the Equal Protection Clause is to assure that similarly situated individuals will be treated alike," and "to establish an equal protection violation, Plaintiffs must allege or prove discriminatory intent or purpose").

To state a due process claim under the Fourteenth Amendment, Plaintiff must show "that a protected property or liberty interest was violated." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). Plaintiff has not identified an affected property interest, and he has no constitutional or inherent right to be released on parole. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). "Michigan's parole system [also] creates no legitimate claim of entitlement to parole, and thus no liberty interest in parole." *Wershe*, 763 F.3d at 506. Although Plaintiff asserts that the defendants violated the Michigan Administrative Code and Mich. Comp. Laws §§ 791.233 and 791.235, "procedural statutes and regulations governing parole do not create federal procedural due process rights." *Sweeton v. Brown,* 27 F.3d 1162, 1164 (6th Cir. 1994)). Absent a protected liberty interest, Plaintiff had no right to due process.

## III.

For the foregoing reasons, Plaintiff's complaint is frivolous and fails to state a plausible claim for money damages or injunctive relief.

Accordingly, it is **ORDERED** that Plaintiff's complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 13, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 13, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager